IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. FLORES,

                        Plaintiff,

v.

DANE COUNTY and DAVID M. FLORES,

                        Defendants.

OPINION and ORDER

23-cv-185-jdp

---

Plaintiff Valerie L. Flores, appearing pro se, alleges that defendant Dane County violated her rights by mishandling her family-law court case, and that defendant David Flores,[1] her ex-husband, has abused her and her daughter. Flores filed this case in the United States District Court for the District of Columbia, which transferred the case here on venue grounds. Flores has also filed a motion to transfer this case to Southern District of New York, Dkt. 3, which I will deny because that court isn't the proper venue for this case either.

The court has already allowed Flores to proceed in forma pauperis without prepaying any portion of the filing fee. The next step is for me to screen Flores's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept her allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

---

[1] To avoid confusion, I will refer to David Flores by his full name throughout this opinion.

I will dismiss this case for Flores's failure to state a claim upon which relief may be granted. Flores has previously filed complaints very similar to her complaint here, alleging that Dane County discriminated against her and unfairly favored David Flores in her family-law case in Dane County Circuit Court. *See Kreger v. Flores*, No. 21-cv-446-jdp, 2022 WL 1442910, at *2 (W.D. Wis. May 6, 2022) (dismissing Case Nos. 21-cv-446-jdp and 21-cv-530-jdp brought against Dane County and David Flores). Just as in those cases, Flores fails to name a county defendant that can be sued under federal law. Moreover, she fails to state claims against county personnel that can be heard because this federal court will not interfere in ongoing state-court family-law proceedings, nor can it reverse final judgments in those cases. And under the "domestic relations exception" to diversity jurisdiction, federal courts generally may not hear state-law claims that interfere with matters of divorce, custody, or child support.

As for Flores's allegations against David Flores, she again fails to state any plausible federal-law claims against him. Although Flores doesn't explain her or David Flores's citizenship for purposes of the court's diversity jurisdiction, in past cases she has stated that they are citizens of different states. Nonetheless, her allegations in this case are flawed in the same ways as her allegations in previous cases that I have dismissed even after giving Flores a chance to amend her complaint. Her allegations are vague and undetailed, many of them belong in Flores's family-law case, and her most serious allegations involve events that happened Flores's daughter, not to Flores herself. I will dismiss this case without giving Flores a chance to amend her current complaint because in her various cases the court has already given her multiple chances to submit a complaint complying with federal pleading rules.

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie L. Flores's motion to transfer the case, Dkt. 3, is DENIED.

2. This case is DISMISSED.

3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered June 12, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge